■ TIMOTHY JAMES, as Executor of DENISE JAMES, Deceased, Respondent, v THE AMERICAN TOBACCO COMPANY et al., Appellants, et al., Defendants. [789 NYS2d 40]—

Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered January 9, 2003, which, insofar as appealed from as limited by the briefs, denied defendants-appellants' cross motion to be granted commissions to take the deposition of out-of-state nonparty witnesses Aram James and Betty McNamara James, and to compel the production of plaintiff's decedent's personal writings and family archive material, and order, same court and Justice, entered March 29, 2004, which denied defendants-appellants' motion to renew the portion of the aforesaid cross motion to compel production of the decedent's personal writings, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the cross motion and motion to renew granted to the extent of directing that commissions be issued for the deposition of the aforesaid nonparty witnesses, with defendants-appellants to pay the reasonable costs of such depositions, and to the further extent of directing that plaintiff produce the decedent's personal writings and family archive material for in camera inspection by a judicial hearing officer, who shall determine which portions, if any, of such material are subject to disclosure in this action.

This action, which was commenced after the decedent's death, seeks compensatory and punitive damages from defendant tobacco companies for physical and emotional injuries the decedent allegedly suffered as the result of her cigarette smoking. Defendants-appellants sufficiently established the possible relevance to this action of the testimony of nonparty witnesses Aram James (the decedent's stepson) and Betty McNamara James (the decedent's babysitter and, subsequently, her stepdaughter-in-law) to warrant granting commissions to take the depositions of such individuals, who reside in California, with the reasonable costs of such depositions to be borne by defendants-appellants. These witnesses had close personal contact with the decedent in the 1950s and 1960s, when she allegedly was unaware of the health risks of smoking and allegedly became addicted to cigarettes. Other witnesses may not be able to testify concerning the decedent's relevant state of mind and behavior during this period. Similarly, the decedent's personal writings and family archive material may contain information relevant to determining whether she was addicted to cigarettes and whether she had actual or constructive knowledge of the dangers of smoking. The portions of such documents that are relevant to this action, if any, should be determined through an in camera inspection. Concur—Saxe, J.P., Friedman, Sullivan, Nardelli and Williams, JJ.